UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA BARGE,<br><br>    Plaintiff,<br><br>v.<br><br>MARC HORWITZ, et al.,<br><br>    Defendants. | Case No. 21-cv-02558-JCS<br><br>**ORDER TO SHOW CAUSE** |

## I. INTRODUCTION

Plaintiff Melissa Barge, pro se, applied to proceed in forma pauperis. The Court finds she is indigent and therefore GRANTS the application. The Court now must review the sufficiency of Plaintiff's Complaint to determine whether it satisfies 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff has declined consent to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c), the undersigned intends to reassign this case to a district judge with a report and recommendation addressing the adequacy of Plaintiff's claims. For the reasons set forth below, the Court finds that Plaintiff's claims are insufficiently pled in some respects. Therefore, Plaintiff is ORDERED TO SHOW CAUSE why this case should not be dismissed in part.

## II. THE COMPLAINT

In the Complaint, Plaintiff alleges that she was stopped by Defendant Officer Marc Horwitz, of the Alameda Police Department, and that when she challenged his assertion that she had been talking on her cell phone while driving and did not immediately provide identification upon request he forcibly removed her from the car, placed her in handcuffs and "forced [her] in to the back of an SUV with no explanation." Complaint ¶¶ 2-8. According to Plaintiff, she was taken to the police station, where she was held for 15 to 20 minutes, and then to Santa Rita County

Jail. *Id.* ¶¶ 11, 14. Plaintiff further alleges that on the way to the jail she was forced to sit in an uncomfortable position, injuring her arms. *Id.* ¶ 15. In the meantime, she alleges, the Alameda Police Department turned her car over to Defendant Ken Bett Towing, a company that "works under contract with the City of Alameda and Alameda Police." *Id.* ¶¶ 13, 33. Subsequently, Ken Bett Towing refused to release the car to Plaintiff unless she paid $4,000, which she refused to do. *Id.* ¶ 19. Plaintiff alleges Ken Bett Towing also refused to allow Plaintiff to retrieve personal property from her car. *Id.* ¶ 21. On her third attempt to retrieve the car from Ken Bett Towing, Plaintiff alleges that an employee of Ken Bett Towing told her, "the Alameda Police Department told me not to give it to you." *Id.* ¶ 21. She alleges that her car was never returned to her and that currently an "unknown person has possession and use of" it. *Id.* ¶ 24.

In the caption of her complaint, Plaintiff names as defendants Officer Horwitz, the Alameda Police Department, the City of Alameda and Ken Bett Towing. She asserts claims for violation of her Fourth and Fifth Amendment rights against Officer Horwitz, the City of Alameda and Ken Bett Towing, "in their official capacity." She also asserts a claim for a "Stop and Identify Violation" and a claim under Article 1, section 16 of the California Constitution, both of which she appears to assert against all defendants. Plaintiff seeks a preliminary injunction enjoining Defendants from refusing to return her car and various forms of declaratory relief, including a declaration that Defendants' actions are unconstitutional.[1]

## III. ANALYSIS

### A. Legal Standards Under 28 U.S.C. § 1915 and Rule 12(b)(6)

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

---

[1] Plaintiff also requests "Declaratory Relief for Affidavit of Life," citing an "Exhibit C." No exhibits were attached to the Complaint, however, and it is not clear from the allegations in the Complaint what Plaintiff is seeking with this request. Likewise, she requests "Declaratory Relief for citizenship status," but the Complaint does not include any allegations referencing anyone's citizenship status.

2

*Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996).

To state a claim for relief, a plaintiff must make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also Diaz v. Int'l Longshore and Warehouse Union, Local* 13, 474 F.3d 1202, 1205 (9th Cir. 2007). In determining whether a plaintiff fails to state a claim, the court takes "all allegations of material fact in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (internal quotation marks omitted). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 678 (citing *Twombly*, 550 U.S. at 570).

"Because Rule 12(b)(6) focuses on the 'sufficiency' of a claim rather than the claim's substantive merits, 'a court may [ordinarily] look only at the face of the complaint to decide a motion to dismiss,' *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir. 2002), including the exhibits attached to it." *DeLeon v. Colon*, No. 320CV00791AJBBGS, 2021 WL 1626339, at *2 (S.D. Cal. Apr. 27, 2021) (citing Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc*., 583 F.2d 426 (9th Cir. 1978) ("[M]aterial which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss.))). "However, exhibits that contradict the claims in a complaint may fatally undermine the complaint's allegations." *Id.* (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (a plaintiff can "plead himself out of a claim by including. . . details

3

contrary to his claims.") (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."))); *Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) (courts "may consider facts contained in documents attached to the complaint" to determining whether the complaint states a claim for relief)).

Where the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute, as recognized in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**B. Discussion**

**1. Claims One, Two and Three**

The Court construes Plaintiff's first three claims, based on the Fourth and Fifth Amendments and the "Stop and Identify Violation," as civil rights claims asserted under 42 U.S.C. § 1983. Section 1983 creates a cause of action against a "person who, under color of any [state law], subjects, or causes to be subjected, any [person] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). A plaintiff bringing a claim under § 1983 must show that "(1) the action occurred 'under color of state law'

4

and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (citation omitted).

Individual officers are considered "persons" within the meaning of § 1983, as are local governmental units, such as cities or counties. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989). However, municipal departments and sub-units, including police departments, are generally not considered "persons" within the meaning of § 1983. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995-96 (N.D.Cal.1996) (holding that "naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality," and dismissing the Santa Clara Department of Corrections from the action). Because the Alameda Police Department is not a "person" within the meaning of Section 1983, it is not a proper defendant as to Plaintiff's Section 1983 claims. This defect cannot be cured by amendment.

As to the City of Alameda, the Section 1983 claims asserted against it in the Complaint fail as currently pled because although a municipality may be sued under § 1983, there is no vicarious liability under that statute, meaning that it can be held liable for constitutional violations arising from the conduct of its officers only if that conduct is the result of an official custom or policy of the City. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)("it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Plaintiff has offered only the conclusory allegation that "[t]he City of Alameda [has] failed to adopt appropriate policies necessary to prevent violations and provide a reasonable solution for redress of colorable actions." *Id.* ¶ 41. This allegation is too vague to support an inference that any of the conduct that Plaintiff alleges violated her constitutional rights was the result of any policy or custom that can give rise to liability on the part of the City of Alameda under *Monell*.

The Court further concludes that Ken Bett Towing is not a proper defendant with respect to Claims One and Three, which are based on the Fourth Amendment. As noted above, a claim under Section 1983 must be based on conduct taken under color of state law. While a private actor typically does not satisfy this requirement, the state action requirement is met where a

5

private party "is a willful participant in joint action with the State or its agents," for example, where there is a conspiracy between a private party and the police. *See Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983) (citations and internal quotations omitted). Thus, the joint action requirement may be met "if the police condone activities by private parties that they know to be illegal." *Peng v. Mei Chin Penghu*, 335 F.3d 970, 980 (9th Cir. 2003) (citations and internal quotations omitted). It may also be met where a private party has some control over a police officer's decision to arrest a person. *King v. Massarweh*, 782 F.2d 825, 828–29 (9th Cir.1986).

Here, Plaintiff alleges that Ken Bett Towing is under contract with the City of Alameda and further, that it refused to return Plaintiff's vehicle to her on the instructions of the Alameda Police Department. While these allegations may be sufficient to survive the Court's preliminary review as to Plaintiff's Fifth Amendment claim, which is based on the alleged deprivation of property (Plaintiff's car) without due process, it does not have any connection to the Fourth Amendment violations alleged in the complaint, which are based on the conditions of Plaintiff's arrest and detention. There are no allegations that Ken Bett Towing had any control over Officer Horwitz or conspired with the City of Alameda in connection with the alleged violation of Plaintiff's Fourth Amendment rights.[2] Therefore, Ken Bett Towing is not a proper defendant as to those claims (Claims One and Three).

---

[2] While not framed as a Fourth Amendment claim, Plaintiff's "Stop and Identify" claim implicates her rights under the Fourth Amendment. In particular, the Supreme Court has held that "the principles of [*Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)] permit a State to require a suspect to disclose his name in the course of a *Terry* stop." *Hiibel v. Sixth Jud. Dist. Ct. of Nevada, Humboldt Cty*., 542 U.S. 177, 187 (2004); *see also Abdel-Shafy v. City of San Jose,* No. 17-CV-07323-LHK, 2019 WL 570759, at *5 (N.D. Cal. Feb. 12, 2019) ("*Hiibel* established that the Fourth Amendment does not prohibit arrests of suspects under state law for refusing to identify himself or herself during a *Terry* stop.") (citing *Hiibel*, 542 U.S. at 187-91). The Fourth Amendment is violated, however, when an officer demands identification in the absence of the reasonable suspicion required for a *Terry* stop, or where the request for identification is not "reasonably related to the circumstances justifying the stop." *Hiibel*, 542 U.S. at 188. For the purposes of this preliminary review only, and without prejudice to any arguments made by Defendants on a motion to dismiss, Plaintiff has adequately alleged that Officer Horwitz stopped her without reasonable suspicion (as she alleges the reason he gave for stopping her – that she was talking on her cell phone while driving – was not true). As such, she has stated a claim that he violated her Fourth Amendment rights by arresting her for refusing to provide identification upon request.

### 2. Claim Four

In Claim Four, Plaintiff alleges that all defendants violated Article One, Section 16 of the California Constitution, which purportedly provides, "No bill of attainder, ex post facto law, law impairing the obligation of contracts, shall ever be passed." Complaint ¶ 52. The Court construes this claim as a claim under Article 1, Section 9 of the California Constitution, which provides: "A bill of attainder, ex post facto law, or law impairing the obligation of contracts may not be passed."[3] In support of this claim, Plaintiff alleges:

> The Alameda Police Department and employees in collusion with the owners of Ken Bett's Towing performed unconstitutional acts by use of ex post facto law to commit robbery, assault, and false imprisonment and altering my identity, and rights to my own property, attempting to sell for unjust enrichment, and refusing to return property when asked.

Complaint ¶ 57.

A bill of attainder is a legislative act which inflicts punishment without a judicial trial. *California State Employees' Assn. v. Flournoy*, 32 Cal. App. 3d 219, 224–25 (1973) (citation omitted). An ex post facto law is one that changes the legal consequences of an act completed before the law's effective date. *Wilmot v. Contra Costa Cty. Employees' Ret. Ass'n*, 60 Cal. App. 5th 631, 664 (2021), review denied (May 12, 2021). Plaintiff has not pointed to any law that falls within either of these definitions in support of this claim; nor has she pointed to any law that impairs the obligation of contracts. Therefore, this claim fails as to all named defendants.

### IV. CONCLUSION

Accordingly, no later than **July 2, 2021**, Plaintiff must either file an amended complaint curing the deficiencies identifed herein or file a response to this Order addressing why the claims discussed above are sufficiently alleged. If Plaintiff does not respond to this Order by July 2, 2021, the case will be reassigned to a United States district judge with a recommendation that the claims that the undersigned has found to be insufficiently alleged be dismissed. The case management conference previously set for **July 9, 2021 at 2:00 p.m**. is continued to **August 27,**

---

[3] The section cited by Plaintiff, Section 16, addresses the right to trial by jury.

**2021 at 2:00 p.m.**

  **IT IS SO ORDERED.**

Dated: June 8, 2021

_____
JOSEPH C. SPERO
Chief Magistrate Judge