UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA BARGE,<br><br>        Plaintiff,<br><br>    v.<br><br>KEN BETT'S TOWING COMPANY,<br><br>        Defendant. | Case No. 21-cv-02558-TLT<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION** |

On July 6, 2021, Plaintiff Melissa Barge ("Plaintiff"), proceeding *pro se*, filed a first amended complaint against the Alameda Police Department, the City of Alameda, Officer Marc Hurwitz, and Ken Bett's Towing Company. *See* Pl. ['s] Am. Compl. ("Am. Compl."), ECF No. 9.

On July 19, 2022, the Court dismissed Defendants Marc Horwitz, the Alameda Police Department, and the City of Alameda under Federal Rule of Civil Procedure 4(m) for failure to effect timely service. *See* ECF No. 21. Before the Court dismissed Defendants Marc Horwitz, the Alameda Police Department, and the City of Alameda, Plaintiff was given three opportunities to provide the Court with addresses at which each of these Defendants could be served. *See* ECF Nos. 17, 18, and 20. The sole remaining Defendant, Ken Bett's Towing Company, was served on December 28, 2022. *See* ECF No. 22.

As presently drafted, the first amended complaint alleges only one cause of action against Defendant Ken Bett's Towing Company for alleged tortious conversion under California state law. *See* Am. Compl. Plaintiff alleges that the "owners of Ken Bett's Towing in collusion with the Alameda Police Department chose to exercise unlawful and unsupported dominion over [her] property by converting [her] car which was sold in an auction." *Id.* ¶ 38. Plaintiff further alleges that "[t]he owners of Ken Bett's continued to enforce dominion over [her] property and instead of returning it chose malicious prosecution by filing a small claims case which failed." *Id.* ¶ 39.

For federal subject matter jurisdiction to exist, a case must either involve diversity of citizenship between the parties or involve a claim arising under federal law. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 n.2 (9th Cir. 2002); 28 U.S.C. §§ 1331-32

First, it is unclear the Court still has federal question jurisdiction over this case. Federal question jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Here, because Defendants Marc Horwitz, the Alameda Police Department, and the City of Alameda have all been dismissed and Plaintiff's federal claims were alleged only against these three Defendants, it is unclear whether any federal claims remain against Defendant Ken Bett's Towing Company to establish federal question jurisdiction.

Second, it is unclear whether the remaining parties are diverse and whether the amount in controversy in this matter exceeds the sum or value of $75,000 to establish diversity jurisdiction. A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. Parties are diverse only when the parties are "citizens of different states." *Id.*

Here, Defendant Ken Bett's Towing Company states it "is domiciled in California." ECF No. 43. A corporation is considered a citizen of both the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332. In her most recent filing, Plaintiff lists her address as "2201Shoreline Drive 1551, Alameda, California, 94501." ECF No. 44. A natural person's state of citizenship is determined by the state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In addition, the first amended complaint does not clearly indicate the amount of controversy against Defendant Ken Bett's Towing Company, specifically. Under 28 U.S.C. § 1332(a)(1), federal courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000…." As such, it is unclear whether this Court has diversity jurisdiction over this action.

As it is not clear that the Court has subject matter jurisdiction over this action, by no later than **April 17, 2023**, Plaintiff shall explain in writing why this case should not be dismissed for lack of subject matter jurisdiction.  *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (The plaintiff bears the burden of establishing the existence of subject matter jurisdiction.); *see also* Fed. R. Civ. P. 12(h)(3) (Courts have a duty to consider its subject matter jurisdiction sua sponte.); *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (If a court determines it lacks subject matter jurisdiction, the court may dismiss the action sua sponte.).

Alternatively, Plaintiff may respond to this order to show cause by filing a second amended complaint by **April 17, 2023**, which clearly and simply states (1) the basis for subject matter jurisdiction, (2) the claim Plaintiff seeks to bring in federal court against Defendant Ken Bett's Towing Company (*see* Fed. R. Civ. P. 8), and (3) the specific action(s) Defendant Ken Bett's Towing Company allegedly took, or failed to take, and the injury resulting from the claim.

Accordingly, the Court **CONTINUES** the April 4, 2023, hearing on Plaintiff's Motion to Strike Defendant Ken Bett's Towing Company's Affirmative Defenses to June 20, 2023, at 2:00 p.m.  If Plaintiff chooses to file a second amended complaint in response to this order to show cause, Defendant Ken Bett's Towing Company shall file any response to the second amended complaint within 14 days after Plaintiff's filing.  Plaintiff may not add any new claims or parties without leave of court or stipulation of Defendant Ken Bett's Towing Company.[1]

**IT IS SO ORDERED.**

Dated: March 27, 2023

_____
TRINA L. THOMPSON
United States District Judge

---

[1] The Court further advises Plaintiff that the District Court has produced a guide for self-represented/pro se litigants called Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. It is available electronically online. The Court also advises Plaintiff that assistance is available through the Legal Help Center. Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance. The Help Center does not see people on a "drop-in" basis and will not be able to represent parties in their cases. There is no charge for this service. The website is available at https://cand.uscourts.gov/legal-help.